UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Paul F. Reis,

    Plaintiff,

v.                                                                                              Civil Action No. 2:20-cv-119-jmc

Ben & Jerry's Homemade, Inc.;
Liberty Mutual Insurance; State of
Vermont Department of Labor,

    Defendants.

## ORDER AND REPORT AND RECOMMENDATION
(Doc. 1)

Plaintiff Paul F. Reis, representing himself, has filed a form Application for Leave to Proceed *In Forma Pauperis*, seeking to proceed in the district court without prepaying fees or costs. (Doc. 1.) Because the financial Affidavit filed in support of the Application (Doc. 1-1) meets the requirements of 28 U.S.C. § 1915(a)[1], the Application is GRANTED. For the reasons set forth below, however, I recommend that Plaintiff's proposed civil action be DISMISSED.

---

[1] Although Plaintiff's form Affidavit is missing the second page, which details income, assets and expenses (Doc. 1-1), given that it is not necessary for a litigant to show that he is "absolutely destitute" to obtain the benefit of the statute, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), I afford him the benefit of a liberal interpretation of his Application.

## Background

### I. Allegations of the Proposed Complaint

Plaintiff alleges that, in connection with his employment, Ben & Jerry's Homemade, Inc. (Ben & Jerry's) violated a myriad of federal laws and that the State of Vermont has failed to enforce those laws. Plaintiff alleges the State of Vermont was informed as early as 1993 of the safety and working conditions at Ben & Jerry's and "did nothing about it." (Doc. 4 at 6.) Specifically, he asserts that he was "held 2 feet of[f] the ground, by 2 workers, and . . . assaulted with a [b]oard . . . causing injury for 26 years." (*Id.* at 4.) He further asserts he was subjected to sexual harassment in the workplace on multiple occasions. (*Id.* at 5.) Plaintiff "walked off the job in 1995," when he "could take no more haras[s]ment." (*Id.* at 6.)

In 1996, Plaintiff had "a meeting with manag[e]ment," after which, at a judge's request, Ben & Jerry's investigated the alleged incidents and determined they "never happened." (*Id.* at 7.) He claims that he has PTSD and that "unusual circumstances . . . [caused] the delay in filing." (*Id.* at 4.) Plaintiff now seeks $3 million in damages for his physical and emotional injuries over the past 26 years. (*Id.* at 7.)

### II. State-Court Litigation

Over 20 years ago, Plaintiff filed a small-claims action against Ben & Jerry's alleging lost wages. At the January 1996 merits hearing in that action, Plaintiff made allegations concerning a "hazing incident" that occurred in 1994 during his employment at Ben & Jerry's. *See Reis v. Ben & Jerry's Homemade & Liberty Mut.*

*Ins. Co.*, Supreme Court Docket No. 2020-040, 2020 WL 2213670, at *1 (Vt. May 1, 2020). In February 1997, the small-claims court entered judgment for Ben & Jerry's. *Id.*

In 2016, Plaintiff filed a workers' compensation claim seeking compensation for alleged injuries that stemmed from the hazing incident. *Id.* In June 2017, the Commissioner of the Vermont Department of Labor granted summary judgment to Ben & Jerry's, holding that Plaintiff's claim was barred by the statute of limitations and the doctrine of laches. *Id.* Plaintiff did not appeal.

In August 2019, Plaintiff filed a personal-injury action in Vermont state court, again seeking compensation for injuries allegedly resulting from the 1994 incident at Ben & Jerry's. *Id.* In December 2019, the civil division dismissed the complaint because, among other reasons, it was barred by the three-year statute of limitations established by 12 V.S.A. § 512. The civil division determined that "giving plaintiff every indulgence as to when he discovered or reasonably should have discovered his injuries, the three-year statute of limitations for personal injury actions expired in 2006." *Reis*, 2020 WL 2213670, at *1.

Plaintiff appealed to the Vermont Supreme Court, where he argued "his complaint should not be barred by the statute of limitations because he has been seeking compensation for the past twenty-four years." *Id.* Noting that "Plaintiff does not dispute that he was aware of his alleged injuries long before the statute of limitations expired," the Supreme Court held that his complaint was "barred by the statute of limitations for filing personal-injury actions." *Id.* Accordingly, on May 1,

2020, the Vermont Supreme Court affirmed the trial court's dismissal of Plaintiff's personal-injury action regarding the hazing incident.[2]  *Id.* at *2.

## Discussion

Under 28 U.S.C. § 1915(e)(2)(B), the court must conduct an initial screening of a complaint filed by a civil litigant proceeding *in forma pauperis* to ensure that the case goes forward only if it meets certain requirements.  In conducting this screening, the court is required to read a self-represented litigant's complaint liberally and construe it to raise the strongest arguments it suggests.  *See Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam).  Nevertheless, the court must dismiss a complaint filed *in forma pauperis* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In evaluating whether a complaint fails to state a claim, the court tests the pleading for "facial plausibility."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court should not dismiss a complaint if the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing

---

[2] To the extent Plaintiff is seeking review of a state-court ruling, this Court does not sit as a court of appeals for the state courts.  *See Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (reiterating that "a state-court decision is not reviewable by lower federal courts").

*Twombly*, 550 U.S. at 556). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them," are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009). Moreover, a complaint is properly dismissed where, as a matter of law, "the allegations in [it], however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

The lenity afforded *pro se* litigants does not excuse them from satisfying the plausibility pleading standard "applicable to all civil complaints." *Brickhouse v. City of New York*, No 09 CIV. 9353(NRB), 2010 WL 3341845, at *2 (S.D.N.Y. Aug. 16, 2010). *Pro se* plaintiffs are not excused from complying with substantive and procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal quotation marks omitted).

A court's initial review of a complaint under § 1915(e)(2)(B) must also encompass the applicable pleading standards set forth in the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, and a short and plain statement of the claim showing an entitlement to relief; also, each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(a)(1)–(2), (d)(1). A complaint that fails to comply with Rule 8 should be dismissed, as it "provides no meaningful basis for the [c]ourt to

assess the sufficiency of the[] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (stating "the court has the power, on its own initiative . . . to dismiss the complaint" if it does not comply with the requirements of Rule 8).

In this case, Plaintiff's claims against the Vermont Department of Labor are barred by sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890) (explaining Eleventh Amendment also bars federal suits against state governments by a state's own citizens). The Eleventh Amendment bars private suits for retrospective and monetary relief against a state in federal court, absent consent to suit by the state or a valid congressional abrogation of immunity. *See Alden v. Maine*, 527 U.S. 706, 754 (1999) ("Our sovereign immunity precedents establish that suits against nonconsenting States are not properly susceptible of litigation in courts, and, as a result, that [t]he entire judicial power granted by the Constitution does not embrace authority to entertain such suits in the absence of the State's consent.") (internal citation and quotation marks omitted); *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sciences*, 804 F.3d 178, 193 (2d Cir. 2015).

Vermont has preserved its sovereign immunity and has not consented to this lawsuit. *See* 12 V.S.A. § 5601(g) ("Nothing in this chapter waives the rights of the State under the Eleventh Amendment of the U.S. Constitution."). Accordingly, Plaintiff cannot assert claims against the state, its agencies, or any of its officials in their official capacities in federal court. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (stating that state agencies and departments are entitled to assert the state's Eleventh Amendment immunity). The Vermont Department of Labor is a state agency and therefore Plaintiff's claims for damages against it are barred. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986) (state and state agency immunity from suits in federal courts "exists whether the relief sought is legal or equitable").

Regarding Ben and Jerry's, the Vermont Supreme Court has concluded that Plaintiff's claim arising from the hazing incident is barred by the statute of limitations. *See Reis*, 2020 WL 2213670, at *1. If the statute of limitations has expired, even if the other elements of the claim are established, Plaintiff cannot show an entitlement to relief and the claim must be dismissed. A claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (internal quotation marks omitted); *see also Earle v. Vermont*, 743 A.2d 1101, 1108 (Vt. 1999)

7

("The date of accrual under the statute of limitations seeks to identify the point at which a plaintiff should have discovered the basic elements of a cause of action . . . .").

Plaintiff has alleged he suffered injuries during his employment at Ben & Jerry's, which terminated in 1995. (Doc. 4 at 6.) He initiated litigation in 1996 that included allegations regarding those workplace injuries. He then sought workers' compensation benefits in 2016 for injuries stemming from his employment at Ben & Jerry's. Accordingly, his claims for personal injury accrued well before August 12, 2017, which is three years prior to the date he filed this action, *see* 12 V.S.A. § 512, and his state-law claims stemming from those alleged injuries are barred by the statute of limitations.

Plaintiff's sexual harassment allegations must also be dismissed as untimely. Before filing suit regarding a hostile work environment claim under Title VII of the Civil Rights Act,[3] a plaintiff must first file a timely charge with the U.S. Equal Employment Opportunity Commission (EEOC). *See Riddle v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011). To be timely, an EEOC charge must be filed within 300 days of the alleged unlawful incident or employment practice, if the plaintiff initially instituted proceedings with a state or local agency capable of granting relief. *See* 42 U.S.C. § 2000e-5(e)(1). Failure to file a timely charge bars a

---

[3] Although Plaintiff's proposed Complaint does not include a statutory reference to Title VII, "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Rather, [f]actual allegations alone are what matters. That principle carries particular force where a [self-represented] litigant is involved." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (first and second alterations in original) (internal citations and quotation marks omitted).

8

plaintiff's ability to bring his Title VII claim in court. *See Cusher v. Mallick*, 1:16-cv-01273 (BKS/DJS), 2020 WL 109510, at *13 (N.D.N.Y. Jan. 9, 2020). Accordingly, Title VII's statute of limitations provision bars any claim based on events that occurred more than 300 days prior to filing a charge with a state or local employment agency. *See Lewis v. City of Norwalk*, 562 F. App'x 25, 28 n.4 (2d Cir. 2014). "The filing deadline for the formal EEOC complaint . . . is subject to equitable tolling," *Roy v. Buffalo Philharmonic Orchestra*, 684 F. App'x 22, 23 (2d Cir. 2017) (internal quotation marks omitted), however, "equitable tolling is only appropriate in . . . rare and exceptional circumstance[s] . . . in which a party is prevented in some extraordinary way from exercising his rights," *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (alteration in original) (internal citations and quotation marks omitted). Because Plaintiff fails to allege that he filed an administrative complaint with a state or federal agency, and equitable tolling is not applicable where he filed an action in 1996, any claim under Title VII for sexual harassment is time-barred by Title VII's statute of limitations.

Similarly, a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, which provides a private right of action for employment discrimination based on disability, was required to be filed with the EEOC within 300 days. *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(e)(1) by reference). For the same reasons Plaintiff's Title VII claims are barred, any claim under the ADA stemming from his employment at Ben & Jerry's is also time-barred.

Lastly, Plaintiff names Liberty Mutual Insurance as a defendant. The proposed Complaint, however, does not satisfy the basic pleading standard of Rule 8, as it is devoid of any specific factual allegations of wrongdoing regarding that defendant. Therefore, Plaintiff has failed to describe a factual basis for a claim against Liberty Mutual Insurance. *See Terry v. N.Y.C. Dep't of Corr.*, No. 10 Civ. 6197, 2012 WL 718555, at *2 (S.D.N.Y. Mar. 6, 2012) (noting "[i]t is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint" as to that defendant should be granted (internal quotation marks omitted)).

Accordingly, for the reasons discussed above, I recommend that Plaintiff's Complaint be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and untimeliness. *See, e.g.*, *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) (dismissal of a complaint on statute of limitations grounds is appropriate on a motion to dismiss if the complaint clearly shows the claim is out of time).

The Second Circuit has cautioned that a district court "should not dismiss a *pro se* complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*,

808 F. App'x 53, 55 (2d Cir. 2020) (internal quotation marks omitted). Here, better pleading could not cure the untimeliness of Plaintiff's proposed action. Accordingly, leave to amend should not be granted.

## Conclusion

Plaintiff's Application for Leave to Proceed *in Forma Pauperis* (Doc. 1) is GRANTED. The Clerk of Court shall refer this case to a United States District Judge. For the reasons set forth above, I recommend the court DISMISS Plaintiff's Complaint (Doc. 4) for failure to state a claim and as untimely.

Dated at Burlington, in the District of Vermont, this 15th day of September 2020.

/s/ John M. Conroy
Honorable John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).