U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

2020 OCT 16  PM 3: 48

CLERK

BY ___*hw*___
DEPUTY CLERK

| | | |
|---|---|---|
| PAUL F. REIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-119 |
| | ) | |
| BEN & JERRY'S HOMEMADE, INC.; | ) | |
| LIBERTY MUTUAL INSURANCE; and | ) | |
| VERMONT DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**
**(Docs. 3, 4, 7)**

The Magistrate Judge issued an Order and Report and Recommendation (R&R) on

September 15, 2020. (Doc. 3.) The R&R recommends that Plaintiff's complaint (Doc. 4) be

dismissed for failure to state a claim and as untimely, and further recommends that leave to

amend be denied because better pleading could not cure the untimeliness of Plaintiff's proposed

action. (Doc. 3 at 11.) Plaintiff has filed a response to the R&R indicating that he seeks to

amend his complaint to drop all claims against all parties except for claims against his former

employer, Ben & Jerry's Homemade, Inc. ("Ben & Jerry's"), for violation of the federal False

Claims Act, 31 U.S.C. § 3729 et seq. ("FCA"), violation of Vermont's Consumer Protection Act,

9 V.S.A. § 2451 et seq. ("VCPA"), breach of express warranty, and unjust enrichment.

(*See* Doc. 7 at 2.) Plaintiff also seeks to modify his claim for relief; instead of seeking $3 million

in damages, he now asserts that he is seeking a meeting and an apology. (*Id.* at 4.)

After careful review of the file and the Magistrate Judge's thorough Report and

Recommendation, the Report and Recommendation is AFFIRMED, APPROVED and

ADOPTED. *See* 28 U.S.C. § 636(b)(1). As noted in the R&R, Plaintiff's claims arise out of

alleged employment conditions and a hazing incident that occurred while he was an employee at

Ben & Jerry's before Plaintiff left that job in 1995. (*See* Doc. 4.)  For the reasons stated in the

R&R, the personal-injury claims in Plaintiff's prior state-court litigation[1] and in his original

complaint in this case are time-barred, as are Plaintiff's "state-law claims stemming from those

alleged injuries."  (Doc. 3 at 8.)[2]

The R&R also discusses federal claims appearing in Plaintiff's original complaint: a

hostile-work-environment claim under Title VII of the Civil Rights Act and a claim under the

Americans with Disabilities Act. (*See id.* at 8–9.)  Those claims are also time-barred as

described in the R&R.  Dismissal of the above-mentioned claims with prejudice is appropriate.

Plaintiff's request to amend his complaint (Doc. 7) is therefore moot insofar as it seeks to drop

those time-barred state and federal claims.[3]

It remains to consider Plaintiff's FCA claim.  Plaintiff asserts that Ben & Jerry's has

falsely claimed to be dedicated to social justice and responsibility—in particular with the

recently-launched flavor "Justice Remix'd."  Those claims are false, according to Plaintiff,

---

[1] *See Reis v. Ben & Jerry's Homemade*, No. 2020-040, 2020 WL 2213670 (Vt. May 1, 2020) (mem.).

[2] The "false advertising" claim in Plaintiff's original complaint (Doc. 4 at 3) appears to overlap with the state-law VCPA, breach-of-express-warranty, and unjust-enrichment claims that he mentions in his request to amend.  The court adopts the R&R's recommendation to dismiss Plaintiff's state-law claims with respect to the VCPA, breach-of-express-warranty, and unjust-enrichment claims.

[3] To the extent that Plaintiff's request to amend might seek voluntary dismissal of those claims under Fed. R. Civ. P. 41(a)(1)(A) or amendment to drop those claims under Fed. R. Civ. P. 15(a), such action might arguably result in dismissal of the claims without prejudice.  But Second Circuit precedent suggests that Rule 41(a)(1) is not available to dismiss less than an entire "action," *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953), and in either case, since the claims are clearly time-barred, dismissal with prejudice is the only proper disposition.

because in his view the company did not do justice as to him because in 1997 it did not

investigate his claims of assault.  (*See* Doc. 7 at 3.)  Although some of the alleged corporate

statements are recent, Plaintiff's claim depends on events that occurred more than two decades

ago.  Moreover, even if the FCA claim is not time-barred like Plaintiff's other claims, Plaintiff

fails to state an FCA claim because that act "has no applicability where no claim for

reimbursement is submitted to the federal government." *Vellon v. Coley*, No. 1:19-CV-1614

(LEK/CFH), 2020 WL 3602998, at *4 n.6 (N.D.N.Y. July 2, 2020).

The Report and Recommendation (Doc. 3) is accordingly AFFIRMED, APPROVED and

ADOPTED.  Plaintiff's motion to amend his complaint (Doc. 7) is DENIED as moot and futile.

*See Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016)

(per curiam) (leave to amend pro se complaint may be denied where amendment would be

futile). The complaint (Doc. 4) is DISMISSED under 28 U.S.C. § 1915(e) for failure to state a

claim and as untimely.

A dismissal for failure to state a claim does not necessarily imply that the claim is

dismissed "with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020).  And the

court is mindful of the Second Circuit's caution that, "[u]nless it is unmistakably clear that the

court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective, we believe it

is bad practice for a district court to dismiss without affording a plaintiff the opportunity to be

heard in opposition." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (quoting *Mojias v.

Johnson*, 351 F.3d 606, 610–11 (2d Cir. 2003)).  But dismissal with prejudice is appropriate in

this case.

Plaintiff has had an opportunity to review and respond to the statute-of-limitations

analysis in the R&R.  His response and request to amend the complaint (Doc. 7) offers no

argument for tolling the limitations period or any other basis for overcoming the time bar. The

Vermont Supreme Court has already held that Plaintiff's personal-injury claims arising from his

1990s-era employment at Ben & Jerry's are time-barred. *Reis*, 2020 WL 2213670, at *1.

Granting leave to amend would be unproductive. *See, e.g.*, *Wilson v. Reynolds Am. Inc.*, No. 19-

CV-06223(KAM)(LB), 2020 WL 406097, at *2 (E.D.N.Y. Jan. 24, 2020) (dismissing complaint

for failure to state a claim under § 1915(e)(2)(B); dismissal was with prejudice because

complaint was time-barred); *Strong v. New York*, No. 1:19-CV-63 (MAD/CFH), 2019 WL

2723372, at *2 (N.D.N.Y. July 1, 2019) (same).

The court certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in

good faith.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 16th day of October, 2020.

Geoffrey W. Crawford, Chief Judge
United States District Court